IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| CHAD BARRY BARNES, | Case No. 19-cv-00211-DKW-RT |
| Appellant, | |
| v. | Bankr. No. 14-01475 |
| KRISTIN KIMO HENRY, | |
| Appellee. | |

| | |
|---|---|
| CHAD BARRY BARNES, | Case No. 19-cv-00214-DKW-RT |
| Appellant, | |
| v. | Bankr. No. 14-01520 |
| SEA HAWAII RAFTING, LLC, | |
| Appellee. | |

## ORDER AFFIRMING IN PART AND REVERSING IN PART ORDERS OF THE BANKRUPTCY COURT

In these consolidated appeals, Appellant Chad Barry Barnes challenges two

orders of the U.S. Bankruptcy Court for the District of Hawai‘i, which, together,

addressed a motion for reconsideration Barnes filed with respect to various orders

entered in two separate bankruptcy proceedings.[1]   In addressing Barnes' motion, the Bankruptcy Court reconsidered and vacated certain orders, declined to vacate orders for which an appeal was already pending, and observed that other orders had already been declared void.   Otherwise, the Bankruptcy Court denied Barnes the relief he sought.   On appeal, Barnes' briefing is, once again, largely unhelpful.[2]   Nevertheless, in one of the other consolidated appeals involving the parties here, this Court found that Barnes' claim for maintenance and cure was, in part, a secured *in rem* claim against Appellee Kristin Kimo Henry to the extent Barnes was able to pierce the corporate veil of Appellee Sea Hawaii Rafting, LLC. Because that issue arises again in these consolidated appeals, as set forth below, this Court REVERSES IN PART the order of the Bankruptcy Court entered in Henry's bankruptcy proceeding that is subject to these appeals.   In all other respects, the two orders of the Bankruptcy Court are AFFIRMED for the reasons discussed below.

## I.      **Procedural Background**[3]

---

[1]Pursuant to Local Rule 7.1(c), the Court elects to decide these consolidated appeals without a hearing.

[2]At the same time as filing these consolidated appeals, Barnes also filed five other bankruptcy appeals that were assigned to the undersigned.   Briefing in all of the appeals has suffered from the same unhelpful argument styles and arguments, some of which are identified further below.

[3]The Court notes that there is a lengthy procedural background to the underlying bankruptcy and admiralty cases between the parties.   While the Court does not recite that history in full herein, the Court is cognizant of the same and, to the extent relevant, it is mentioned herein.

To better understand the motion for reconsideration and orders addressing the same at issue in these consolidated appeals, it is helpful to recount some of the procedural background on which many of the requests in the motion are based. The underlying litigation between the parties here began, seven years ago, with Barnes' filing of an admiralty complaint against, *inter alia*, Appellees Henry and Sea Hawaii Rafting, LLC ("SHR"). Nearly two years later, Henry and SHR filed voluntary petitions for bankruptcy protection. Those three proceedings–one admiralty and two bankruptcy–have produced a vast amount of litigation and a large number of appeals. For example, in the bankruptcy proceeding of SHR, at the time the motion for reconsideration was filed, at least six appeals had been docketed with the district court from orders of the Bankruptcy Court. In the admiralty case, meanwhile, three appeals had been docketed with the Ninth Circuit Court of Appeals by a similar time. Those appeals have, in turn, on occasion, produced results that reverse, at least in some fashion, actions taken by the Bankruptcy Court and/or the admiralty court in their respective proceedings. It is in this context that the motion for reconsideration exists, as therein, many of the requests for reconsideration are premised upon Barnes' interpretation of orders entered in the foregoing appeals or his interpretation of orders entered following the remand of an appeal.

In ruling on the motion for reconsideration, the Bankruptcy Court split its decision into two separate orders: one entered in the SHR bankruptcy proceeding and one entered in Henry's. In total, the motion for reconsideration sought reconsideration of 13 orders: 5 in the SHR bankruptcy proceeding and 8 in Henry's. In Henry's bankruptcy proceeding, the Bankruptcy Court vacated one order, indicated that it would vacate another, and otherwise denied the motion for reconsideration. Case No. 19-cv-211-DKW-RT, Dkt. No. 1-2 ("Henry Order"). In SHR's bankruptcy proceeding, the Bankruptcy Court vacated one order, declined to take further action with respect to two orders (because the orders had already been vacated), and otherwise denied the motion for reconsideration. Case No. 19-cv-214-DKW-RT, Dkt. No. 1-2 ("SHR Order").

On April 24, 2019, Barnes filed notices of appeal of the foregoing orders, one in the SHR bankruptcy proceeding and one in Henry's (collectively, "the Bankruptcy Appeals").[4] Because the orders being appealed in the Bankruptcy Appeals involved common questions of law and fact, and because consolidation would produce savings in time and effort, while causing no inconvenience, delay, or expense, the Court consolidated the Bankruptcy Appeals. *See* Dkt. No. 5. In the Court's order of consolidation, Barnes was instructed to clearly identify the

_____

[4]Herein, going forward, unless otherwise noted, the Court cites to docket entries in Case No. 19-cv-211-DKW-RT.

issue or issues being appealed, clearly explain how the Bankruptcy Court purportedly erred with respect to the issue, and provide legal support for the Bankruptcy Court's purported error.

On August 16, 2019, Barnes filed his opening brief. Dkt. No. 10. Thereafter, Appellee SHR filed a response brief. Dkt. No. 11. Appellee Henry has not filed any brief in these Bankruptcy Appeals. Finally, while Barnes had until November 4, 2019 to file a reply brief, Dkt. No. 9, no such brief was (or has been) filed.

## II.   Legal Standard

This Court reviews a bankruptcy court's factual findings for clear error and its conclusions of law and determinations on mixed questions of law and fact de novo. *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005); *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002).

## III.   Discussion

In order to make as straightforward as possible this Court's review of the rulings at issue in these Bankruptcy Appeals, the Court will address each of the orders for which reconsideration was sought in Henry's bankruptcy proceeding, followed by the orders in the SHR bankruptcy proceeding. Initially, however, the Court first discusses an issue that, although not involving a specific order for

which Barnes sought reconsideration, was addressed by both the Bankruptcy Court and Barnes in his opening brief.

## A.    <u>Recusal of the Bankruptcy Court</u>

In both orders at issue in these Bankruptcy Appeals, the Bankruptcy Court observed that Barnes had asserted the Bankruptcy Court was biased against Barnes or his counsel.   Henry Order at 2; SHR Order at 2.   The Bankruptcy Court stated that, "[a]t multiple points in these cases, I have carefully considered whether I should recuse myself, and I have determined (and I still conclude) that a reasonable person would not conclude that I could not decide these cases fairly."   Henry Order at 2 (footnote omitted); SHR Order at 2 (footnote omitted).

In his opening brief, Barnes asserts that the Bankruptcy Court applied the wrong standard in considering recusal, arguing that an "appearance of impropriety" is sufficient to justify recusal.   Dkt. No. 10 at 26.   Barnes asserts that the Bankruptcy Court's actions and comments warrant recusal, including sanctioning Barnes' counsel, causing Barnes' counsel "embarrassment and stigmatization[,]" and "reward[ing]" the Bankruptcy Court's former partner.   *Id*. at 26-30.   Barnes asserts that the Bankruptcy Court has "personal animosity" toward his counsel and his counsel's actions "provoked" the Bankruptcy Court.   *Id*. at 31.

Barnes' assertions provide no basis for recusal of the Bankruptcy Court. As for the standard the Bankruptcy Court applied, that standard came from the relevant statutory provision – Section 455 of Title 28. There was, thus, no error in applying the standard of the statute. As for Barnes' other arguments, they are principally based upon either legal rulings made by the Bankruptcy Court or his speculation that the Bankruptcy Court has animus toward his counsel or is biased in favor of opposing counsel. Neither is a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-556 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.") ; *Sivak v. Hardison*, 658 F.3d 898, 926 (9th Cir. 2011) ("'rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters' do not form the basis of a successful recusal motion.") (quoting *Clemens v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005)) (alteration omitted). The same is true for the Bankruptcy Court purportedly saying that any "embarrassment is deserved." *See* Dkt. No. 10 at 27. Taken in context, contrary to Barnes' assertion, this statement does not evidence a "personal desire" on the Bankruptcy Court's part for Barnes' counsel to be

embarrassed, *see id*. at 30, but, rather, a statement that Barnes' counsel must live with the consequences (for better or worse) of his actions.

## B.     <u>Henry's Bankruptcy Proceeding</u>

The Bankruptcy Court explained that the motion for reconsideration concerned eight orders entered in Henry's bankruptcy proceeding.   Henry Order at 1.   This Court addresses those orders first.

### 1.     <u>Order One</u>

The first order concerns a matter related to lifting the automatic stay.   The Bankruptcy Court vacated this order, Henry Order at 3, and Barnes does not raise any issue with respect thereto in his opening brief.   Therefore, this Court does not further address the first order.

### 2.     <u>Order Two</u>

The second order confirmed Henry's Chapter 13 plan of reorganization. Henry Order at 3.   The Bankruptcy Court declined to reconsider this order, explaining that there are three ways to challenge the confirmation of a plan, none of which Barnes showed applied here.   *Id*. at 3-5.

In his opening brief, Barnes' argument against the Bankruptcy Court's ruling is perhaps an exemplar of many of his deficient arguments in these Bankruptcy Appeals.   Notably, Barnes sets forth the standard for proving that confirmation of

a plan was obtained by fraud and then states that he was "denied the opportunity to develop the necessary facts under [that standard] because of the Bankruptcy Court's protective order and the stay which Barnes sought to lift."  Dkt. No. 10 at 2-3.  Nothing else is stated with respect to the second order.  Barnes does not explain how Henry's plan confirmation was procured by fraud nor does Barnes provide any explanation as to how the protective order actually prevented him from developing any facts in this regard.  Instead, it appears that this Court is simply meant to assume the accuracy of Barnes' statement about his lack of opportunity to develop facts, assume that this has some relevance to the order confirming Henry's plan, and, presumably, conclude as a result that the confirmation order should be overturned.  This Court declines to do so.  As a result, the Bankruptcy Court is AFFIRMED with respect to the second order.

### 3.    Orders Three and Four[5]

These orders relate to a proof of claim filed by Barnes in Henry's bankruptcy proceeding and, more specifically, whether said claim was entitled to secured or unsecured status.  Henry Order at 5.  The Bankruptcy Court determined that the claim was entitled to general unsecured status, rather than

---

[5]Because the Bankruptcy Court addressed these orders together, this Court will do so as well.

secured status.   *Id*. at 5-6.   In considering the motion for reconsideration, the Bankruptcy Court found no error in the foregoing determination.   *Id*. at 6-9.

This issue–whether Barnes' claims against Henry are entitled to secured and/or unsecured status–is the principal focus of another set of appeals Barnes filed in SHR and Henry's bankruptcy proceedings.   Specifically, it is the issue addressed in Case Nos. 19-cv-210-DKW-RT and 19-cv-216-DKW-RT. Concurrently with entry of this Order, the Court has also entered an order in the foregoing appeals addressing the above-stated issue.   Therein, this Court affirmed in part and reversed in part the determination of the Bankruptcy Court that Barnes' claims were entirely unsecured.   Specifically, the Court found as follows:

> In summary, first, to the extent Barnes is successful in piercing the corporate veil against Henry, he **may** attempt to hold Henry responsible for SHR's obligation to pay maintenance and cure up to the value of the relevant vessel.   Put another way, to the extent Barnes is able to pierce SHR's corporate veil, he **may** pursue an *in rem* claim against Henry.   Second, to the extent the value of the relevant vessel is insufficient to satisfy the total amount of maintenance and cure awarded to Barnes, Barnes may **not** pursue an *in personam* claim against Henry because such liability is an unsecured, prepetition debt that is subject to discharge under the Bankruptcy Code.   Barnes may also **not** pursue any unsecured, *prepetition* tort claims against Henry, as Barnes has made no attempt in his briefing in these Bankruptcy Appeals to explain why any debts related to those claims are not subject to discharge.   This Court leaves for the admiralty court to determine whether SHR's corporate veil should be pierced and the value of the relevant vessel.

Case No. 19-cv-210-DKW-RT, Dkt. No. 12 at 14-15.

This Court reaches, adopts, and incorporates the same conclusion in these Bankruptcy Appeals. As a result, with respect to the third and fourth orders, the Bankruptcy Court is AFFIRMED IN PART and REVERSED IN PART such that the third and fourth orders are VACATED to the extent inconsistent with the findings and conclusions of this Court in Case Nos. 19-cv-210 and 19-cv-216.

### 4.      <u>Orders Six and Twelve</u>[6]

These orders concern, respectively, a protective order entered in Henry's bankruptcy proceeding and Barnes' attempt to conduct an examination of Henry pursuant to Federal Rule of Bankruptcy Procedure 2004. Henry Order at 9-11. The Bankruptcy Court determined that there was no basis to reconsider these orders because, contrary to Barnes' assertions, the orders did not inhibit him from conducting discovery in his admiralty case. *Id*. at 11-12.

In his opening brief, Barnes appears to disagree with the foregoing determination, but, again, fails to explain why he disagrees. Instead, Barnes simply recites language from one of the orders being challenged and then states: "[i]t just could not be any clearer than that." *See* Dkt. No. 10 at 6-7.

Nonetheless, this issue–specifically, the propriety of the protective order and other discovery rulings in Henry's bankruptcy proceeding–surfaced in yet another

---

[6]Because the Bankruptcy Court addressed these orders together, this Court will do so as well.

set of consolidated appeals Barnes filed and that were assigned to this Court. In

those appeals, the Court entered an order explaining the error in Barnes' argument

with respect to this issue. In particular, Barnes' argument appears to be premised

upon his belief that, because the Bankruptcy Court stated that Barnes could not

examine Henry on *any issue* before the admiralty court, Barnes was prevented

from conducting any discovery in his admiralty case. *See id*. This is simply

inaccurate. The protective order states that the Bankruptcy Court would not

authorize an examination of Henry on "any issue which is before the [admiralty

court]." *In re Kristin Kimo Henry*, Case No. 14-br-01475, Dkt. No. 164 at 2

(Bankr. D. Haw. Feb. 29, 2016). As this Court explained in the other appeals, this

meant that Barnes could not use the bankruptcy discovery process to circumvent

discovery rulings in the admiralty case, i.e., issues *before* the admiralty court. *See*

Case No. 19-cv-212-DKW-RT, Dkt. No. 16 at 8 n.8, 12 & n.12. The protective

order did *not* prevent Barnes from attempting to petition the *admiralty* court for

appropriate discovery relief in the *admiralty* case.[7] As a result, with respect to the

sixth and twelfth orders, the Bankruptcy Court is AFFIRMED.

---

[7]In addition, to the extent Barnes' arguments in this regard relate to discovery he wished to pursue in the bankruptcy case for a *bankruptcy* purpose, the protective order *allowed* Barnes to carry out discovery related to plan confirmation.

### 5.    **Order Eight**

The eighth order permitted Henry to act as a guarantor with respect to the sale of a vessel in SHR's bankruptcy proceeding.   Henry Order at 12.   In reconsidering this order, the Bankruptcy Court observed that the order was already on appeal, and thus, there was a lack of jurisdiction over the order.   *Id*. Nonetheless, the Bankruptcy Court indicated that, if the then-pending appeal was remanded, the court would vacate the eighth order because the sale of the vessel had been voided.   *Id*. at 12-13.   In his opening brief, Barnes states: "We just want to confirm that the order is in fact vacated."   Dkt. No. 10 at 7.

It should go without saying that the purpose of an appeal is for the appellant to point out legal and/or factual errors in a lower court's rulings.   Barnes does neither of those things in his opening (and only) brief with respect to this order. Therefore, the Court declines to address this order any further other than to state that the Bankruptcy Court is AFFIRMED.[8]

### 6.    **Order Eleven**

The eleventh order relates to Barnes' attempt to lift the automatic stay so that he could "contact the proper authorities to undertake a criminal prosecution of

---

[8]The Court notes that the then-pending appeal to which the Bankruptcy Court referred was resolved in *Barnes'* favor in that the district court *vacated* the eighth order.   Case No. 16-cv-588-JAO-WRP, Dkt. No. 29.   That order, however, has been appealed by *Barnes*.   *Id*., Dkt. No. 30.

Henry." Henry Order at 13 (quotation and footnote omitted). It appears that the "criminal prosecution" to which Barnes referred related to Henry injuring him while driving with a suspended license. *Id.* In connection thereto, Barnes also argued that his claims might be nondischargeable under the Bankruptcy Code. *Id.* at 13-14. The Bankruptcy Court found no reason to reconsider the denial of the eleventh order, finding that Barnes failed to explain his failure to file a timely complaint to determine the dischargeability of his debt and failed to offer any evidence that he would be entitled to benefit from a program to compensate victims of crime, even if one existed in Hawai'i. *Id.* at 14-15.

In his opening brief, the only relevant assertion Barnes makes in this regard is that a fund exists in Hawai'i for providing financial support to victims of crimes and he wishes to access the fund. Dkt. No. 10 at 8. Barnes, however, does not identify any error in the Bankruptcy Court's decision with respect to the eleventh order. Further, although Barnes states that a fund exists, he does not identify the fund or the mechanism, if the fund exists, for obtaining relief from it. It is, thus, impossible to know if the automatic stay applied in the first place because it is entirely unclear whether some form of action needs to be taken against Henry in order to obtain access to the fund. Simply put, if Barnes need take no action prohibited by the automatic stay against Henry, then there would be no need to lift

the stay.   As a result, the Bankruptcy Court is AFFIRMED with respect to the eleventh order.[9]

## C.   SHR's Bankruptcy Proceeding

As with Henry's bankruptcy proceeding, this Court addresses, in turn, each of the orders for which reconsideration was sought in SHR's bankruptcy proceeding.

### 1.   Order Five

The fifth order relates to a notice of maritime lien Barnes filed in SHR's bankruptcy proceeding.   *See* SHR Order at 5-6.   More specifically, in the fifth order, the Bankruptcy Court disallowed any administrative expense claim in connection with the maritime lien because any claim was not entitled to administrative-expense treatment and disallowed any unsecured prepetition claim because Barnes did not file a proper and timely proof of claim with respect thereto. *Id*.   The Bankruptcy Court found that Barnes had presented no reason to reconsider the foregoing.   *Id*. at 6-10.

In his opening brief, while Barnes asserts that the fifth order concerns "the fundamental dispute in this case[,]" he states only the following in connection

---

[9]With respect to the eleventh order, Barnes also appears to challenge a footnote in the order being appealed.   *See* Dkt. No. 10 at 7-8.   The footnote, however, is entirely unconnected to the Bankruptcy Court's findings in connection with the eleventh order.   Therefore, this Court does not further address the cited footnote or Barnes' arguments related thereto.

therewith: "Barnes wanted [the Bankruptcy Court] to have another chance to review his decisions before we wound up in a situation where the [Ninth] Circuit remands the question back to [the Bankruptcy Court] to see what he thinks about the question." Dkt. No. 10 at 8-9.

That, obviously, yet again, fails to perform any task helpful to this appeal. No attempt is made to explain (or even identify) any error in the Bankruptcy Court's decision. Nor is any attempt made to explain precisely what it is Barnes would like this Court to do on appeal. As a result, this Court declines to further address the Bankruptcy Court's decision not to reconsider the fifth order other than to note the following. The fifth order is similar to (although, not the same as) the third and fourth orders discussed above because they each concern claims that Barnes wishes to prosecute against either Henry and/or SHR. *Nothing* in this paragraph, however, should be construed as altering this Court's rulings *supra* with respect to the third and fourth orders in Henry's bankruptcy proceeding (or the Court's findings and conclusions in Case Nos. 19-cv-210 and 19-cv-216).

### 2.  **Orders Seven and Ten**[10]

The seventh and tenth orders concern the leasing and sale of a vessel. SHR Order at 10. The Bankruptcy Court vacated the seventh order and observed that

---

[10]Because the Bankruptcy Court addressed these orders together, this Court will do so as well.

an appellate court had voided the tenth order and, thus, the Bankruptcy Court did not take any further action with respect to the same.   *Id*.

In his opening brief, Barnes asserts that "[t]he question of the lease rental has survived and is now at the heart of another appeal.   [The admiralty court] continues to apply the Bankruptcy Court's terms of the lease to the detriment of Barnes even after it was determined the Bankruptcy Court lacked jurisdiction to do anything with the boat, including leasing it."   Dkt. No. 10 at 9.

As the foregoing indicates, Barnes points to no error in the Bankruptcy Court's rulings with respect to these orders.   Nor could he, given that the Bankruptcy Court granted Barnes relief by vacating one order and noting that the other order had already been vacated.   Instead, Barnes appears to challenge decisions that have been made in his *admiralty* case.   To be clear, to the extent Barnes wishes to correct any perceived errors in his admiralty case, he must seek such relief from the *admiralty* court, *not* the Bankruptcy Court   As a result, the Bankruptcy Court is AFFIRMED with respect to the seventh and tenth orders.

### 3.   <u>Order Nine</u>

The ninth order appears to concern a motion for sanctions filed against Barnes and his attorneys in SHR's bankruptcy proceeding.   SHR Order at 10 (citing Case No. 14-br-01520, Dkt. No. 157).   As with the tenth order discussed

above, the Bankruptcy Court observed that an appellate court had vacated the ninth order and, thus, no further action was necessary.   *Id*. at 11.

In his opening brief, Barnes asserts that, although the ninth order has been vacated, "it is still pending regarding the costs Barnes' counsel incurred to defend against the mistaken sanctions."   Dkt. No. 10 at 10.

Once again, Barnes fails to indicate any error in the Bankruptcy Court's reconsideration of the ninth order and, once again, he could not, given that the Bankruptcy Court noted that the order had already been vacated.   Instead, once again, Barnes appears to address matters taking place in a different court, *i.e*., the issue of whether Barnes is entitled to attorney's fees and/or costs in the appellate proceeding.   The *Bankruptcy* Court, however, has no control over that issue.   As a result, the Bankruptcy Court is AFFIRMED with respect to the ninth order.[11]

### 4.   <u>Order Thirteen</u>

The thirteenth order authorized the trustee for SHR's bankruptcy estate to abandon the estate's interest in a commercial use permit.   SHR Order at 11.   The Bankruptcy Court, initially, observed that Barnes had already appealed the thirteenth order and that appeal remained pending at the time.   *Id*.   The

---

[11]The Court notes that it appears that the issue of fees and/or costs is no longer pending. Specifically, on October 24, 2019, the Ninth Circuit affirmed the district court's finding that there was no legal basis to award Barnes attorney's fees.   Case No. 16-cv-00183-JMS-KJM, Dkt. No. 96 (D. Haw. Oct. 24, 2019).

Bankruptcy Court, thus, explained that, although it lacked jurisdiction to reconsider the order, it could make an indicative ruling. *Id*. The Bankruptcy Court then explained why it would not grant a motion to reconsider the thirteenth order. *Id*. at 11-14. More specifically, the Bankruptcy Court determined that the trustee could not realize any value from the commercial use permit because such permits are non-transferable and, although a permit will remain valid if ownership is transferred of a company holding the permit, the trustee could not sell the membership interests in SHR. *Id*. at 13-14.

In his opening brief, Barnes asserts that there is "precedent and law" that allows a trustee to transfer ownership of a company, citing Section 721 of Title 11. Dkt. No. 10 at 11. Barnes concludes by stating that the thirteenth order "is another situation in which [the Bankruptcy Court's] decisions have made it more difficult for him to see a resolution of his case." *Id*.

The only law Barnes cites to support the foregoing is Section 721, which, as Barnes states in his opening brief, allows a trustee to *operate* the business of a debtor. *See id*; 11 U.S.C. § 721. The statutory provision does *not* say that a trustee may *sell* a debtor. Nor does Barnes cite to any "precedent and law" interpreting operation of a business as selling the company conducting the business. Thus, Barnes points to no actual error in the Bankruptcy Court's

decision in this regard.   As for Barnes' assertion about the Bankruptcy Court's decisions making matters "more difficult" for him, given that Barnes points to no error in those decisions, this is also no basis for reconsidering any of the same.   As a result, the Bankruptcy Court is AFFIRMED with respect to the thirteenth order.

**D.**     **Other Arguments in the Opening Brief**

Although the analysis above addresses all of the orders for which Barnes sought reconsideration, Barnes dedicates the vast majority of his opening brief to arguments that are not clearly connected to those orders.   Specifically, Barnes' discussion of the thirteen orders above ends at page 11.   *Twenty* pages later, Barnes' opening brief ends.   The majority of those twenty pages appears concerned with whether Barnes can amend a proof of claim he allegedly filed in one or both of SHR and/or Henry's bankruptcy proceedings.   *See* Dkt. No. 10 at 13-24.[12]   Although Barnes asserts that he "should have been allowed to amend his proof of claim to conform to the evidence in the trial and appeal[,]" no attempt is made to connect this argument to the orders being appealed in these Bankruptcy Appeals or the orders that were the subject of the motion for reconsideration.   This Court will not perform that work for Barnes.[13]   As a result, the Court declines to

---

[12]Almost all of the remaining twenty pages relates to the recusal issue, which the Court addressed *supra*.   *See* Dkt. No. 10 at 26-32.

[13]To the extent the Court performs any of that task for Barnes, perhaps, because his argument concerns an alleged proof of claim, the argument may relate to the third and fourth orders in

further address any of the arguments Barnes raises in his opening brief that are not connected clearly to the orders being appealed here.

IV. **Conclusion**

To the extent set forth herein, the Bankruptcy Court is AFFIRMED IN PART AND REVERSED IN PART. Specifically, (1) the Bankruptcy Court's Order on Motion for Reconsideration in Case No. 14-br-01475 is AFFIRMED IN PART AND REVERSED IN PART; and (2) the Bankruptcy Court's Order on Motion for Reconsideration in Case No. 14-br-01520 is AFFIRMED.

IT IS SO ORDERED.

Dated: January 13, 2020 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

*Chad Barnes v. Kristin Henry/Chad Barnes v. Sea Hawaii Rafting LLC;* Civil No. 19-00211 DKW-RT; Civil No. 19-00214 DKW-RT; **ORDER AFFIRMING IN PART AND REVERSING IN PART ORDERS OF THE BANKRUPTCY COURT**

---

Henry's bankruptcy proceeding and/or the fifth order in SHR's bankruptcy proceeding. The Court has addressed each of those orders herein and nothing in Barnes' additional arguments suggests any reason to change the Court's rulings with respect thereto.